﻿Citation Nr: AXXXXXXXX
Decision Date: 02/28/20 Archive Date: 02/28/20

DOCKET NO. 190710-11690
DATE: February 28, 2020

REMANDED

Entitlement to a compensable initial rating for migraine headaches is remanded.

Entitlement to a compensable initial rating for irritable bowel syndrome is remanded.

REASONS FOR REMAND

The Veteran served on active duty in the United States Army from October 1992 to July 1996.

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a November 2018 rating decision by the Department of Veterans Affairs (VA). The Veteran appealed this decision, and the Regional Office issued a statement of the case in July 2019. The Veteran thereafter opted into the modernized system review (known as the AMA) by filing a July 2019 Notice of Disagreement to the Board. The Veteran selected direct docket review.

Entitlement to an increased initial rating for migraine headaches, currently rated 0 percent, is remanded.

Entitlement to an increased initial rating for irritable bowel syndrome, currently rated 0 percent, is remanded.

The issues of entitlement to increased initial ratings for migraine headaches and IBS are remanded to correct a duty to assist error that occurred prior to the November 2018 rating decision on appeal. 

The Agency of Original Jurisdiction (AOJ) obtained two November 2018 examination reports (one for migraines and one for IBS) prior to November 2018 rating decision on appeal. However, this examination report did not adequately consider all of the Veteran’s symptomology associated with his migraine condition or his IBS condition.

Specifically, the Veteran had submitted lay statements in October 2018, prior to his examination or the rating decision. These lay statements profess “prostrating” headaches 1-2 times per week, or at least 3-4 times a month. He describes throbbing pain, light and sound sensitivity, visual spots, and nausea. Inability to go to work on migraine days is also claimed. His November 2018 migraine headache examination does not account for these lay statements. The examiner does note nausea and sensitivity to sound symptoms, with a typical duration of 1-2 days, but when asked if the Veteran has “prostrating” attacks, the examiner answered “No.” The examiner also noted no impact on his ability to work, despite an earlier claim from the Veteran that he misses days of work due to his condition. Whether this is the case or not, the examiner must provide indication that the Veteran’s lay statements regarding his symptoms, particularly those regarding frequency and severity, were reviewed. There is no such indication here that the examiner took into consideration the Veteran’s previously submitted statements regarding his migraine statements.

Similarly, the Veteran submitted a statement regarding his symptoms for IBS. He identified “pain, cramping bloating, gut grumbling, and excessive gas.” But in his November 2018 VA examination, the examiner noted “no” to “does the Veteran have episodes of bowel disturbance with abdominal distress…?” As a result, the November 2018 does not appear to have taken into consideration the Veteran’s lay statements regarding his symptoms. This distinction is important because the Veteran claims symptoms of abdominal distress “almost every day,” however the examiner notes “no” abdominal distress. Diagnostic Code (DC) 7319 focuses on frequency of abdominal distress episodes in determining a rating, so it is necessary to have a medical opinion take into consideration the Veteran’s statements.

The Veteran is competent to describe symptoms that he is able to perceive through the use of his senses and to give evidence about what he has experienced. See Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007); Layno v. Brown, 6 Vet. App. 465, 469-71 (1994). A medical examiner may find that the symptoms described are attributable to another cause, however, the examiner must review the file and account for the Veteran’s lay statements generally. In this case, the Veteran’s statements are detailed and appear to have not been reviewed by the examiner. 

As such, a remand is necessary for a more adequate medical opinion related to the Veteran’s migraine and IBS conditions. Because both the Veteran’s lay statements and examination were submitted to the AOJ before the November 2018 rating decision was issued, it is a pre-decisional duty to assist error and can be remanded in accord with the Appeals Modernization Act (AMA). 38C.F.R. §20.802(a).

The matters are REMANDED for the following action:

1. Schedule the Veteran for an examination(s) by an appropriate examiners to determine the current severity of his service-connected migraine headache and IBS conditions. The examiner should provide a full description of the disability and report all signs and symptoms necessary for evaluating the Veteran’s disability under the applicable rating criteria for each issue. 

The examiner is reminded that the Veteran is competent to describe his medical symptoms and has done so in evidence presented to the Board. The examiner must discuss this lay testimony in his or her findings. 

 

Evan M. Deichert

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Robert Gyenes, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.